**United States District Court**
**Southern District of Ohio**
**Eastern Division**

Michael T. Legens, Sr.,

       Plaintiff,

                                      **Case No. 2:01-CV-794**
   v.                                   **JUDGE SMITH**
                                       **Magistrate Judge King**

Nationwide Insurance Co., et al.,

       Defendants.

## OPINION AND ORDER

Plaintiff Michael T. Legens moves the Court (Doc. 85) to prohibit defendants from calling four recently identified witnesses. For the following reasons, the Court GRANTS plaintiff's motion. Plaintiff also moves the Court (Doc. 87) to prohibit defendants from introducing the details of a negative response Carol Lamone allegedly received regarding plaintiff's job application. For the following reasons, the Court DENIES this motion.

## I. RECENTLY IDENTIFIED WITNESSES

### A. Introduction

The complaint in this case was filed on August 20, 2001. Plaintiff filed his first set of interrogatories and requests for production of documents on December 10, 2001. Plaintiff's interrogatory number eight requested the following: "State the name, home address, home telephone number and job title of each and every person who has knowledge of and/or information regarding the claims and/or defenses in this case." Plaintiff's interrogatory number nine requested: "For each and every person identified in response to the previous interrogatory, briefly describe the substance of his or her knowledge and/or information regarding the claims and/or defenses in this case." Discovery continued for a year and a half until it was closed on

July 31, 2003.

On September 7, 2005, defendants served an amended response to the two aforementioned interrogatories.  Specifically, defendants identified a new individual, C.Thomas Starr, II, as having knowledge of the two employment positions which remain at issue in this case.  On October 5, 2005, defendants again served an amended interrogatory response.  In this response, defendants further identified three new individuals, namely Frank Spencer, Fred Newman, and Jacqueline Thompson, as having knowledge of the  two relevant job positions.  Plaintiff moves the Court to exclude these four individuals from testifying at trial.

**B.  Analysis**

Plaintiff contends that defendants violated the civil rules of discovery and he will be greatly prejudiced if the recently identified individuals are allowed to testify at trial.  Defendants respond that they have not violated any discovery rule because plaintiff was fully aware of the identity and significance of the four individuals well before defendants' supplemental responses.  Specifically, defendants assert that plaintiff was aware of Frank Spencer, Fred Newman, and Jackie Thompson via document productions in 2002, Carol Lamone's two affidavits submitted in support of defendants' motion for summary judgment in 2003, and defendants' motion for reconsideration filed in July 2004.  Further, defendants contend that plaintiff was aware of C. Thomas Starr via Brett Tupps' affidavit submitted in support of defendants' motion for summary judgment in August 2003 and referred to in defendants' motion for reconsideration in July 2004.

Two Federal Rules of Civil Procedure are at issue here.  Rule 26(e)(2) provides:

A party is under a duty seasonally to amend a prior response to an interrogatory...if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

2

Civil Rule 37 provides the evidentiary consequences for failing to comply with Rule 26. Rule 37(c)(1) states in relevant part:

> A party that without substantial justification fails to...amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial...any witness or information not so disclosed.

The Court finds defendants violated Rule 26(e)(2) by neglecting to file amended interrogatory responses in a timely fashion. Contrary to defendants' assertion, the identity and significance of the four newly identified individuals had not been sufficiently communicated to plaintiff through other means of discovery. The documents defendants rely on to support their claim that plaintiff had knowledge of Mr. Spencer, Mr. Newman, and Ms. Thompson are inadequate. For example, defendants refer to two personnel files disclosed to plaintiff that contain documents displaying the names of the three individuals. However, these personnel files contain an assortment of names besides Spencer, Newman, and Thompson. For example, Shawn Patterson's personnel file contains a total of 32 names. It would be inappropriate to impute specific knowledge to the plaintiff of every named individual in this file. Nor would it be appropriate to expect plaintiff to depose each and every one of the named individuals.

Furthermore, Carol Lamone's two affidavits fail to mention Mr. Spencer, Mr. Newman, or Ms. Thompson by name. These affidavits are inadequate substitutes for traditional identification through timely interrogatory responses. Finally, defendants' 2004 motion for reconsideration is also inadequate to impute knowledge of the three individuals to plaintiff. Just like the Lamone affidavits, defendants' motion fails to mention any of the three individuals by name.

As for the fourth newly identified individual, C. Thomas Starr, it is true that Mr. Starr

was named in Brett Tupps' affidavit.[1]  However, the Court finds that this alone does not suffice for Rule 26(e) purposes.  The Tupps affidavit is a single document in the course of voluminous discovery.  Moreover, the affidavit merely provides that Starr believed another applicant, Scott McPherson, would be a good fit for the Agency Support Director position.  The affidavit directly states that Starr was not aware that plaintiff had applied for the position.  In the end, this single affidavit describing Starr's opinion of another applicant is insufficient to excuse defendants' late identification.

This Circuit has found that, absent a showing of substantial justification or harmless violation, Rule 37 requires a court to impose a sanction for violation of Rule 26 disclosure requirements.  See Bowe v. Consol. Rail Corp., No. 99-4091, 2000 WL 1434584, at *2 (6th Cir. Sep. 19, 2000).  The non-disclosing party bears the burden of proving that a late disclosure was harmless.  Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2002).

The Court finds defendants were not substantially justified in failing to disclose the four individuals earlier.  As already noted, discovery in this case closed in July 2003.  The single justification defendants rely on for the late disclosure is that plaintiff was sufficiently made aware of the four individuals through other means of discovery.  According to defendants, the need for supplementation was not evident given the alternative sources of identification discussed above.[2]  However, as this Court has explained, the other sources of discovery defendants rely on are inadequate substitutes for timely Rule 26(e) disclosures.  Therefore,

---

[1] This affidavit was submitted in support of defendants' 2003 motion for summary judgment and was also referenced in defendants' 2004 motion for reconsideration.

[2] In other words, defendants never were required to supplement their responses, and their doing so was merely gratuitous.

4

defendants were not substantially justified in failing to timely supplement their interrogatory responses.

The Court also finds the late disclosures are prejudicial to the plaintiff. First, plaintiff's counsel notes that he is extremely busy preparing for the November trial. Deposing the newly identified individuals would certainly interfere with this preparation. At this stage in the litigation, such an expectation would be unfair and unrealistic. Furthermore, if parties such as plaintiff were expected to be able to depose newly identified individuals, then the failure to timely supplement Rule 26(e) disclosures would never be harmless. Put simply, defendants have failed to establish that allowing the four individuals to testify would be harmless to plaintiff.

A final factor to consider in deciding whether or not witnesses should be excluded is the importance of their testimony. When a witness's testimony is so vital to proving a plaintiff's case that exclusion of their testimony is tantamount to dismissal, courts should first consider imposing less drastic sanctions. See Freeland v. Amigo, 103 F.3d 1271, 1280 (6th Cir. 1997). The present case is not in that category because the thrust of the four individuals' testimony can be captured through business records and through other witnesses' testimony. For example, Frank Spencer and Fred Newman's involvement with Shawn Patterson can be explained through business records, including prior performance evaluations and written warnings regarding Patterson's job performance. Furthermore, plaintiff has conceded that Mr. Tupps will be able to testify that a superior (C. Thomas Starr) recommended McPherson for the job. Also, Carol Lamone will testify that she received a negative response about plaintiff from the Billing Leadership Team (which includes Jackie Thompson). Therefore, the exclusion of these four witnesses will not significantly impair defendants' ability to offer a sound defense.

5

## II.  NEGATIVE RESPONSE

Plaintiff moves the Court to prohibit Carol Lamone from testifying specifically about the details of the negative response she received from members of the Billing Leadership Team. The Court has ruled that Jackie Thompson, a member of the Billing Leadership Team, is prohibited from testifying at trial.  No other members of the team will testify, which leaves Lamone as the only witness who can testify about the negative response.  Plaintiff concedes that Lamone's testimony about what she heard members of the team say is not inadmissible hearsay. Rather, plaintiff asserts that the probative value of the testimony is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

The Court agrees that statements admitted for non-hearsay purposes are still subject to Rule 403.  Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

However, the Court also agrees with defendants' assertion that the better course in this situation would be to address the objection at trial in the context of specific testimony elicited by defense counsel.  In <u>In re Paoli R.R. Yard PCB Litigation</u>, 916 F.2d 829 (3rd Cir. 1990), the circuit court summarized this principle:

> Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage. If a court believes evidence is irrelevant, it need only say so and discount it accordingly when it makes its summary judgment determination. However, a court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.  We believe that Rule 403 is a trial oriented rule. Precipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are therefore unfair and improper.

6

Id. at 859.  By filing the present motion, plaintiff is anticipating what Ms. Lamone might testify to at trial without identifying any specific objectionable testimony.  If Ms. Lamone does indeed testify about details of the alleged negative response she received, the Court will carefully consider any objections raised.  However, under the circumstances, it would be premature to decide the issue at this time.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to exclude recently identified witnesses, and DENIES plaintiff's motion to limit Carol Lamone's testimony.

The Clerk shall remove Docs. 85 & 87 from the Court's pending motions list.

**IT IS SO ORDERED.**

/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
United States District Court